**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOSE TORRES,

    Plaintiff,

vs.                                                                                                                  18-cv-1159 JCH/KRS

STEPHEN KOVACH, *Prosecutor*, and
FIFTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's *Pro Se* Civil Rights Complaint (Doc. 1). Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis.* He asserts 42 U.S.C. § 1983 claims against the prosecutors involved in his state criminal case. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, the Court concludes Plaintiff cannot successfully sue those Defendants. The Court must therefore dismiss the Complaint with prejudice.

**Background**

Between 2005 and 2012, Plaintiff pled guilty or no contest to second degree murder, aggravated battery, and prisoner in possession of a deadly weapon in New Mexico's Fifth Judicial District Court. *See* Doc. 1 at 1; Case Nos. D-504-CR-2006-0084; D-504-CR-2006-0094; and D-506-CR-2012-0205).[1] The state court sentenced him to at least 19 years on the murder and battery charges. *See* Case Nos. D-504-CR-2006-0084; D-504-CR-2006-0094. Plaintiff received an additional 10-year sentence for the possession charge, with nine years suspended. *See* Judgment

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

and Sentence in Case No. D-506-CR-2012-0205. The 10-year sentence reflected an enhancement under the habitual offender statute, N.M.S.A. 1978 § 31-18-17. *Id.*

Plaintiff alleges one or more of his sentences are illegal. *See* Doc. 1 at 2-3. He contends District Attorney Stephen Kovach never notified him that his sentence included aggravating circumstances or that he would have to serve 85% of his sentence before release. *Id.* Plaintiff also alleges he never waived his right to proceed to trial. *Id.* The Complaint raises claims under 42 U.S.C. § 1983, the Due Process Clause, and the Equal Protection Clause. *Id.* at 3. Plaintiff seeks $500,000 in damages from Kovach and the Fifth Judicial District Attorney's Office. *Id.* at 1, 5.

**Standards Governing Initial Review**

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110.

**Analysis**

"A cause of action under section 1983 requires the deprivation of a civil right by a [qualifying] 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, Plaintiff's complaint does not state a cognizable claim. District attorneys are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). "[I]nitiating and pursuing a criminal prosecution" constitute "activities which are intimately associated with the judicial process." *Snell*, 920 F.2d 686 (10th Cir. 1990 (quotations omitted). Further, even if Plaintiff could successfully sue Defendants, any claim for damages is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* requires the Court to dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. Compensating Plaintiff for his wrongful prosecution necessarily invalidates the criminal proceedings. *See e.g., Baldwin v. O'Connor*, 466 Fed. App'x 717, 717 (10th Cir. 2012) (*Heck* barred § 1983 monetary claims "alleging violations of . . . constitutional rights by . . . the deputy district attorney who prosecuted [plaintiff] and the district-court judge who presided in his case"); *Murphy v. Willmore*, 752 Fed. App'x 653, 656 (10th Cir. 2018) (same).

For these reasons, the complaint fails to state a claim against Kovach and the District

Attorney's Office.  The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**<u>Amendment Would be Futile</u>**

Having determined the complaint must be dismissed, the Court will *sua sponte* consider whether to allow Plaintiff to amend the pleading.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* plaintiffs should normally be given an opportunity to remedy defects in their pleadings.  *Id.*  However, courts do not typically order an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915.  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).  Here, amending the complaint would be futile because, as a matter of law, Plaintiff cannot recover money damages from the parties responsible for his prosecution and incarceration.  If Plaintiff wishes to challenge his criminal conviction, he must file a separate 28 U.S.C. § 2254 habeas proceeding.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  The Court therefore declines to *sua sponte* order an amendment and will dismiss the complaint with prejudice.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and the Court will enter a separate judgment consistent with this ruling.

_____
UNITED STATES DISTRICT JUDGE